Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD CALVILLO,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; INNOVIS DATA SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>Defendants. | Case No.: 2:19-cv-00277-RFB-NJK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Edward Calvillo ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"); Innovis Data Solutions, Inc. ("Innovis"); and Trans Union LLC ("Trans Union"), (collectively, the "Parties"), by and through their counsel of record, as follows:

[Proposed] Stipulated Protective Order - 1

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. ~~To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party~~ *See order issued concurrently herewith* ~~designate such materials, or portions thereof, as "Confidential," and shall~~ ~~under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.~~

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, Experian, and Trans Union for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. All depositions or portions of depositions taken in this action that contain

[Proposed] Stipulated Protective Order - 2

confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as confidential information. Any party may challenge any such designation in accordance with Paragraph 13 of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6 (f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. Third parties who are the subject of discovery requests, subpoenas or depositions

[Proposed] Stipulated Protective Order - 3

in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as confidential information.

13. If any party objects to any designation of any materials as "Confidential," the

parties shall attempt in good faith to resolve such objection by agreement. If the parties cannot resolve their objections by agreement, the party objecting to the designation may seek the assistance of the Court. A party shall have thirty (30) days from the time a "Confidential" designation is made to challenge the propriety of the designation. Until an objection has been resolved by agreement of counsel or by order of the Court, the materials shall be treated as Confidential and subject to this Order.

14. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable.

15. **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.**

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

17. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

/ / /

IT IS SO STIPULATED.

Dated May 1, 2019

| **KNEPPER & CLARK LLC** | **NAYLOR & BRASTER** |
|---|---|
| /s/ *Matthew I. Knepper* | /s/ *Andrew J. Sharples* |
| Matthew I. Knepper, Esq. | Jennifer L. Braster, Esq. |
| Nevada Bar No. 12796 | Nevada Bar No. 9982 |
| Miles N. Clark, Esq. | Andrew J. Sharples, Esq. |
| Nevada Bar No. 13848 | Nevada Bar No. 12866 |
| 10040 W. Cheyenne Ave., Suite 170-109 | 1050 Indigo Drive, Suite 200 |
| Las Vegas, NV 89129 | Las Vegas, NV 89145 |
| Email: matthew.knepper@knepperclark.com | Email: jbraster@nblawnv.com |
| Email: miles.clark@knepperclark.com | Email: asharples@nblawnv.com |
| | |
| **HAINES & KRIEGER LLC** | Cheryl L. O'Connor |
| David H. Krieger, Esq. | Nevada Bar No. 14745 |
| Nevada Bar No. 9086 | coconnor@jonesday.com |
| 8985 S. Eastern Avenue, Suite 350 | JONES DAY |
| Henderson, NV 89123 | 3161 Michelson Drive, Suite 800 |
| Email: dkrieger@hainesandkrieger.com | Irvine, CA 92612-4408 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| | *Experian Information Solutions, Inc* |
| **ALVERSON TAYLOR & SANDERS** | |
| /s/ *Trevor Waite* | |
| Kurt R. Bonds, Esq. | |
| Nevada Bar No. 6228 | |
| Trevor Waite, Esq. | |
| Nevada Bar No. 13779 | |
| 6605 Grand Montecito Parkway, Suite 200 | |
| Las Vegas, NV 89149 | |
| Email: kbonds@alversontaylor.com | |
| Email: twaite@alversontaylor.com | |
| | |
| *Counsel for Defendant* | |
| *Trans Union LLC.* | |

## ORDER GRANTING STIPULATED PROTECTIVE ORDER

**IT IS SO ORDERED.**

Dated: May 2, 2019

_____
UNITED STATES MAGISTRATE JUDGE

[Proposed] Stipulated Protective Order - 6

# EXHIBIT A

# DECLARATION OF COMPLIANCE

*Calvillo v. Experian Information Solutions, Inc et al*
**United States District Court, District of Nevada**
**Case No. 2:19-cv-00277-RFB-NJK**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

/ / /

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action. I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this \_\_\_\_ day of _____, 2019 at _____.

_____
QUALIFIED PERSON

[Proposed] Stipulated Protective Order - 8