# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD CALVILLO | Case No. 2:19-cv-00277-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; INNOVIS DATA SOLUTIONS, INC.,; TRANSUNION LLC; | |
| Defendant(s). | |

## I. INTRODUCTION

Before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss and Plaintiff Edward Calvillo's ("Plaintiff") Motion for Leave to File Notice of Supplemental Authority. ECF Nos. 19, 61. For the following reasons, the Court grants the motion to dismiss in part and grants the motion for leave to file notice of supplemental authority.

## II. PROCEDURAL BACKGROUND

Plaintiff first filed complaint against Defendants on February 14, 2019. ECF No. 1. On April 4, 2019, Plaintiff voluntarily dismissed its claims against Defendant Innovis Data Solutions, LLC with prejudice. ECF No. 14. Plaintiff filed the operative amended complaint on April 16, 2019. ECF No. 17. Experian filed its instant motion to dismiss on April 30, 2019. ECF No. 19. A response and reply were filed. ECF Nos. 43, 51. Plaintiff dismiss TransUnion, LLC with prejudice from the action on June 11, 2019. ECF No. 53. Plaintiff moved for leave to file notice of supplemental authority on March 9, 2020. ECF No. 61. A response was filed. ECF No. 62.

### III. FACTUAL ALLEGATIONS

In his complaint Plaintiff alleges the following: On or about April 20, 2011, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. At the time of filing his Bankruptcy petition, Plaintiff owned real property, which was subject to a first mortgage deed of trust. During the pendency of Plaintiff's bankruptcy, the servicing of his loan was transferred to Nationstar Mortgage ("Nationstar"). On October 5, 2011, Plaintiff's Chapter 13 Plan was confirmed. Pursuant to its terms, Plaintiff was to continue to make payments on his mortgage obligation. Subsequently, on July 15, 2016, the bankruptcy court entered its order discharging Plaintiff, finding that among other things, discharge was appropriate because he had fulfilled all requirements under the plan.

All of the defendants, including Experian, are supposed to adhere to the Consumer Data Industry Association ("CDIA")'s Metro 2 reporting standards ("Metro 2"), which provides guidance for credit reporting and FCRA compliance. The Metro 2 format guidelines provide specific instruction for properly reporting a secured debt for which a consumer completes the required payments through a chapter 13 bankruptcy, but continues making payments on the account because it is still open following the bankruptcy, i.e. mortgages. The instruction for consumer reporting agencies ("CRAs") is that the reporting remove any suppression codes associated with bankruptcy reporting "so that ongoing payments made by the consumer can be reported." Id.

Plaintiff alleges that despite the Metro 2 Format's instructions, the defendants, including Experian, failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after he filed for bankruptcy.

After reviewing a disclosure report on September 1, 2016 pursuant to 15 U.S.C. § 1681g of the Fair Credit Reporting Act ("FCRA"), Plaintiff discovered that Experian had intentionally suppressed positive account history reporting from Plaintiff's consumer file in the report.

Plaintiff subsequently disputed the disclosure on February 27, 2018 in a letter. The letter included information from Nationstar concerning the omitted payment information. Plaintiff alleges that Experian was required to contact Nationstar by law but did not do so. Experian reinvestigated the claim on March 14, 2018 and claimed that the information that Plaintiff disputed was not reported in Experian's file at the time of the dispute. Experian then deleted the Nationstar tradeline from the report rather than correct the missing payment information. Plaintiff alleges that this act deprived Plaintiff of positive account history from his consumer file at Experian, thereby depriving Plaintiff of positive credit data that would have provided Plaintiff a fresh start after his bankruptcy filing. Plaintiff now brings claims for violations of § 1681 of the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §1681. Plaintiff alleges that he suffered actual damages in the form of out-of-pocket transportation costs and lost time, stress and anger. Plaintiff also alleges that by omitting the information concerning his Nationstar payments, Plaintiff's creditworthiness suffered. Finally, Plaintiff also claims that Experian misrepresented the purposes for which it intended to use Plaintiff's data, and therefore committed consumer fraud under Nevada state law. Nev. Rev. Stat. § 598.0915; Nev. Rev. Stat. § 41.600

**IV.    LEGAL STANDARD**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT Sec. Services, Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." <u>Id.</u> at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in <u>Twombly</u> and <u>Iqbal</u>, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

**V.     DISCUSSION**

The Court will allow Plaintiff's FRCA claims to proceed but will dismiss the state consumer law claims.

**a.  The Fair Credit Reporting Act**

"Congress enacted the Fair Credit Reporting Act [FCRA] in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" <u>Id.</u> (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

### i. Section 1681e(b)

Section 1681e(b) of the FCRA requires the consumer reporting agency to "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 1681e(b). Liability under 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995). To bring a 1681e claim, the "consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information." Guimond, 45 F.3d at 1333. The consumer must also "first make a prima facie showing of inaccurate reporting by the CRA." Shaw, 891 F.3d at 756 (internal citations omitted). Inaccurate for the purposes of FCRA means information that is either "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Id. Once the consumer has made a prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information. 15 U.S.C. § 1681e(b).

Experian incorrectly implies that a consumer must show that the information would be transmitted to a third party in order to make out a section 1681e(b) claim. But the Ninth Circuit has explicitly held that proof of transmission to a third party is not a prerequisite for making a 1681e(b) claim. Guimond, 45 F.3d at 1333 ("Accordingly the district court erred in finding that any liability under 1681e(b) was predicated, as a matter of law, on the occurrence of some event— denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information."). Plaintiff also pleads in his complaint that Experian reinvestigations results showed twenty "soft" inquiries, indicating that third parties had been able to view reports with the missing information.

The Court finds that Plaintiff has adequately raised a §1681e(b) claim. First, the Court finds that Experian's omission of the data regarding Plaintiff's post-discharge payments could be misleading in a way that could adversely affect an individual's creditworthiness. The Court does not agree with Plaintiff's contention, which is unsupported by binding authority, that failure to

comply with Metro 2 reporting requirements is per se misleading or patently incorrect for FCRA purposes. However, the Court does find that Plaintiff's complaint adequately pleads that payment history is a significant factor in creditworthiness, and that Plaintiff's creditworthiness has been damaged by Experian's failure to include his payments to Nationstar post-bankruptcy. Incomplete information, even if accurate, may nevertheless be misleading. Shaw v. Experian Information Solutions, Inc., 891 F.3d 749, 757 (9th Cir. 2018) ("[A] consumer report that contains technically accurate information may be deemed "inaccurate" if the statement is presented in such a way that it creates a misleading impression.") (internal citations omitted). Experian's arguments that previous courts have found that failure to report post-discharge payments did not constitute an inaccuracy are not persuasive to the Court, particularly because Experian points to no binding authority to support its position. The Court also finds that at this stage in litigation, Plaintiff has sufficiently pled facts to support a claim that Experian did not follow reasonable procedures to assure maximum possible accuracy of the information in the report. Plaintiff pleads that upon information and belief Experian did not notify Nationstar after receiving Plaintiff's dispute letter. Whether this is reasonable is ultimately a question for the finder of fact, but as alleged Plaintiff's claim survives the motion to dismiss phase.

Experian cites liberally to Jaras v. Equifax, LLC, an unpublished decision from the Ninth Circuit from 2019, in which the Ninth Circuit found that the plaintiffs lacked standing because they had failed to plead that they were on the verge of imminently embarking on a consumer credit transaction for which the alleged inaccuracies in their credit reports would matter. 766 F.App'x 492 (9th Cir. 2019). The Court agrees with Judge Berzon's dissent in Jaras that an allegation that the misreporting of the consumer information lowered an individual's creditworthiness is sufficient to find that there is a concrete injury. Id. (J. Berzon, partially dissenting). Moreover, in a more recent published decision, the Ninth Circuit has confirmed that a concrete injury may be found for a FCRA violation even in cases where the information has not yet been disclosed to a third party and the affected consumers were not about to engage in a relevant consumer credit transaction. Ramirez v. TransUnion LLC, 951 F.3d 1008, 1027 (9th Cir. 2020).

Experian next argues that Plaintiff's § 1681e(b) claim is really a disguised § 1681i claim.

But as Experian cites no binding authority to support this position, and the Ninth Circuit has never held that a reporting inaccuracy cannot support both a § 1681e(b) claim and a § 1681i claim. Accordingly, the Court dismisses this argument.

### ii. 15 U.S.C. 1681i

The Court also finds that Plaintiff sufficiently and plausibly pleads a §1681i claim.

Section 1681i(a)(1)(A) outlines the scope of the reinvestigation required by consumer reporting agencies. It states in part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer .

15 U.S.C. §1681i(a)(1)(A).

The Court finds that Plaintiff has pled facts sufficient to support its §1681i claim. Experian argues that Plaintiff cannot plead speculative inconsistencies that Experian did not notify Nationstar pursuant to 15 U.S.C. §1681i(a)(2). But the Court does not find that Plaintiff's claims that Experian did not reasonably reinvestigate the dispute to be purely speculative and therefore upholds the claim.

### iii. Willfulness and Actual Damages

Plaintiff further argues that Experian's actions were willful. The FCRA allows parties to claim punitive damages and actual damages of up to $1,000 for willful violations of the FCRA. 15 U.S.C. § 1681n. To show willfulness and be granted statutory damages under the FCRA, a consumer must show that a defendant knowingly or recklessly violated the FCRA. Shaw, 891 F.3d, at 760. A court may find that a defendant has behaved recklessly when the defendant's "action both is 'a violation under a reasonable reading of the statute's terms' and 'shows that the company

ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" Shaw, 891 F.3d at 760 (internal citations omitted). The Court does not find on the facts alleged that Plaintiff has sufficiently alleged that Experian's violations were willful. Therefore, the Court dismisses any requests for punitive damages. The Court does find however, that Plaintiff may have actual damages which he is entitled to prove as the case proceeds.

### b. State Law Claim for Deceptive Trade Practices

Plaintiff also brought a claim for deceptive trade practices under NRS 598.0915 and through NRS 41.600, which allows persons to bring causes of action for consumer fraud. Nev. Rev. Stat. § 41.600. NRS 598.0915 precludes a variety of practices, including making knowing false representations as to the use of goods or services for sale. Nev. Rev. Stat. §598.0915. The Court finds that Plaintiff's claim that Experian violated NRS 598.0915 is wholly unsubstantiated. Plaintiff only vaguely alleges that Experian warranted it would not sell Plaintiff's data for "permissible" purposes, but actually uses Plaintiff's data for impermissible purposes. But Plaintiff does not allege what the permissible or impermissible purposes are, or the type of consumer data it contends Experian impermissibly sells. Plaintiff therefore does not allege enough facts for the Court to even determine whether he has pled a plausible NRS 598.0915 claim. In Plaintiff's response to the Experian's motion to dismiss, Plaintiff inexplicably references facts that were not alleged in the complaint concerning use of Plaintiff's address. It is axiomatic that a party may not amend its complaint through its opposition to a motion to dismiss. A party must not amend its pleadings in briefs filed in opposition to a motion to dismiss. Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, the Court dismisses this claim.

. . .

### c. Leave to Amend

When granting a motion to dismiss, courts are generally encouraged to grant leave to amend if amendment would not be futile. <u>Eminence Capital, LLC v. Aspeon LLC</u>, 316 F.3d 1048, 1051 – 52 (9th Cir. 2003). The Court will grant Plaintiff leave to amend his complaint to address the factual deficiencies in his state law consumer fraud claim.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Experian Information Solution Inc's Motion to Dismiss (ECF No. 19) is denied in part and granted in part. The Court allows Plaintiff's Fair Credit Reporting Act claims to proceed but dismisses the state law claims under NRS 598.0915 and NRS 41. 600. Plaintiff may file an amended complaint within fourteen days of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 61) is granted nunc pro tunc.

DATED March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**